

CLERK OF THE CIRCUIT COURT
45TH JUDICIAL CIRCUIT
Lincoln County Justice Center
45 Business Park Drive, Troy, MO 63379
Phone 636-528-6300  Fax (636) 528-9168

Date: _3/15/21_

RE: _2016-CC00046  Cartia v Beeman_

I, the undersigned Clerk of the Circuit Court, do hereby certify the foregoing to be a true copy of the original ____48____ pages as the same appears of record in my office.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of said Court at this office in Troy, Missouri, on the _15th_ day of _March_, 20_21_.

DIANNE DOLL, Temporary Circuit Clerk

By _Dianne Doll_ D.C.

Exhibit A

Report: CZR0026 v18.0

**45TH JUDICIAL CIRCUIT**
**LINCOLN COUNTY**
**CIRCUIT COURT DOCKET SHEET**

Date: 15-Mar-2021
Time: 3:38:00PM
Page: 1

| 20L6-CC00046 | MATTHEW CARTIA ET AL V BRADLEY BEEMAN ET AL | Security Level: 1 Public |
|---|---|---|

| Case Type: | CC Pers Injury-Other | Case Filing Date: | 19-Apr-2020 |
|---|---|---|---|
| Status: | Pet Filed in Circuit Ct | | |
| Disposition: | | Disposition Date: | |

| | | Release/Status Change Date | Reason |
|---|---|---|---|
| Judge | **PATRICK SHAWN FLYNN (38465)** | | |
| Plaintiff | **MATTHEW CARTIA (CARM*9309)** | | |
| REPRESENTED BY: Attorney for Plaintiff | ANTHONY GRACESON LARAMORE (63017) | | |
| ALSO REPRESENTING: Plaintiff | AUTUMN ADAMS (ADAA*3087) | | |
| Defendant | **BRADLEY BEEMAN (@63573)** | | |
| REPRESENTED BY: Attorney for Defendant | D KEITH HENSON (31988) | | |
| ALSO REPRESENTING: Defendant | MASON MCNAIL (@63574) | | |
| Defendant | KEVIN GUGLIANO (@63575) | | |
| Defendant | TIMOTHY LIVINGSTON (@63576) | | |
| Defendant | RREBECCA A CARROLL (@63577) | | |
| Defendant | KATIE A BROOKS (@63578) | | |
| Defendant | JOHN A COTTEL (@63579) | | |
| Defendant | LINCOLN COUNTY, MISSOURI AND THE LINCOLN COUNTY SHERIFF DEPA (@63580) | | |

| Filing Date | Description |
|---|---|
| 19-Apr-2020 | **Judge Assigned** |
| | **Pet Filed in Circuit Ct** |
| | Petition for Damages. |
| | On Behalf Of:  MATTHEW CARTIA, AUTUMN ADAMS |
| | **Note to Clerk eFiling** |
| | Filed By:  ANTHONY GRACESON LARAMORE |
| | **Filing Info Sheet eFiling** |
| | Filed By:  ANTHONY GRACESON LARAMORE |
| 20-Apr-2020 | **Memorandum Filed** |
| | Memorandum to Clerk. |
| | Filed By:  ANTHONY GRACESON LARAMORE |
| 02-Mar-2021 | **Motion Special Process Server** |
| | Request for Appointment of Special Process Server. |
| | Filed By:  ANTHONY GRACESON LARAMORE |
| | On Behalf Of:  MATTHEW CARTIA, AUTUMN ADAMS |
| 05-Mar-2021 | **Order - Special Process Server** |
| 10-Mar-2021 | **Entry of Appearance Filed** |
| | Entry of Appearance for D Keith Henson; Electronic Filing Certificate of Service. |
| | Filed By:  D KEITH HENSON |
| | On Behalf Of:  BRADLEY BEEMAN, MASON MCNAIL, KEVIN GUGLIANO, TIMOTHY LIVINGSTON, RREBECCA A CARROLL, KATIE A BROOKS, JOHN A COTTEL, LINCOLN COUNTY, MISSOURI AND THE LINCOLN COUNTY SHERIFF DEPA |

**20L6-CC00046**

Electronically Filed - LINCOLN COUNTY - April 19, 2020 - 02:22 PM

IN THE CIRCUIT COURT OF LINCOLN COUNTY,
STATE OF MISSOURI

MATTHEW CARTIA, )
)
and )  Case No:
)
AUTUMN ADAMS, )  Division:
)
Plaintiffs, )
)
v. )
)
BRADLEY BEEMAN, in his official and )
individual capacity, )  **PLAINTIFFS DEMAND A**
**Serve: HOLD SERVICE** )  **TRIAL BY JURY AS TO ALL**
)  **COUNTS**
and )
)
MASON MCNAIL, in his official and )
individual capacity, )
**Serve: HOLD SERVICE** )
)
and )
)
KEVIN GUGLIANO, in his official and )
individual capacity, )
**Serve: HOLD SERVICE** )
)
and )
)
TIMOTHY LIVINGSTON, in his official and )
individual capacity, )
**Serve: HOLD SERVICE** )
)
and )
)
REBECCA A. CARROLL, in her official and )
individual capacity, )
**Serve: HOLD SERVICE** )
)

1

and                                             )
                                                )
KATIE BROOKS, in her official and               )
individual capacity,                            )
**Serve: HOLD SERVICE**                         )
                                                )
and                                             )
                                                )
JOHN COTTEL, in his official as the Sheriff     )
of Lincoln County, Missouri and in his          )
individual capacity,                            )
**Serve: HOLD SERVICE**                         )
                                                )
and                                             )
                                                )
LINCOLN COUNTY, MISSOURI and the                )
LINCOLN COUNTY SHERIFF'S                         )
DEPARTMENT and the LINCOLN                       )
COUNTY JAIL,                                     )
**Serve: HOLD SERVICE**                         )
                                                )
                                                )
             Defendants.                        )

## PETITION FOR DAMAGES

COMES NOW Plaintiff Matthew Cartia and Plaintiff Autumn Adams

("Plaintiffs"), by and through undersigned counsel, and for their Petition for Damages

against Defendant Bradley Beeman in his individual and official capacities, Defendant

Mason McNail in his individual and official capacities, Defendant Kevin Gugliano in his

individual and official capacities, Defendant Timothy Livingston in his individual and

official capacities, Lincoln County, the Lincoln County Sheriff's Office and the Lincoln

County Jail ("Defendant Lincoln County"), and John Cottle, in his individual and official

capacities (collectively, "Defendants"), hereby state as follows:

2

## PARTIES

1. That Plaintiff Matthew Cartia is, and at all times herein was, a natural person residing in Lincoln County, State of Missouri.

2. That Plaintiff Autumn Adams is, and at all time here was, a natural person residing in St. Charles County, state of Missouri.

3. That Defendant Bradley Beeman is, and at all times herein was, a natural person and an employee of, and a Detective of, Lincoln County, Missouri by and through the Lincoln County Sheriff's Department.

4. That Defendant Mason McNail is, and at all times herein was, a natural person and an employee of, and a Detective of, Lincoln County, Missouri by and through the Lincoln County Sheriff's Department.

5. That Defendant Kevin Gugliano is, and at all times herein was, a natural person and an employee of, and a Detective of, Lincoln County, Missouri by and through the Lincoln County Sheriff's Department.

6. That Defendant Timothy Livingston is, and at all times herein was, a natural person and an employee of, and a Detective of, Lincoln County, Missouri by and through the Lincoln County Sheriff's Department.

7. That Defendant Rebecca Carroll, is, and at all times herein was, a natural person and an employee of, and Correctional Officer of, Lincoln County Missouri, by and through the Lincoln County Sheriff's Department and the Lincoln County Jail who was working at the Lincoln County Jail on April 20,

3

2018, and who was involved in the booking and detention of Plaintiffs.

8. That Defendant Katie Brooks, is, and at all times herein was, a natural person and an employee of, and Correctional Officer of, Lincoln County Missouri, by and through the Lincoln County Sheriff's Department and the Lincoln County Jail, who was working at the Lincoln County Jail on April 20, 2018, and who was involved in the booking and detention of Plaintiffs.

9. That Defendant John Cottle is, and at all times relevant herein was, a natural person residing in Lincoln County, Missouri, and was the elected Sheriff of Defendant Lincoln County, Missouri.

10. That Defendant Lincoln County is, and at all times relevant herein was, a governmental entity organized and existing under the laws of the State of Missouri, with its principal place of residence in Lincoln County, Missouri.

11. That at all times herein mentioned, Defendant Lincoln County operated the Lincoln County Sheriffs Department, a law enforcement agency, and the Lincoln County Jail by and through its Sheriff's Department.

## JURISDICTION AND VENUE

12. That Plaintiffs bring this action pursuant to the laws of the State of Missouri and bring this action under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

4

13. That Plaintiffs' injuries were incurred, and the first injury by the wrongful acts or negligent conduct giving rise to Plaintiff's causes of action herein, as well as most or all related events, occurred in Lincoln County, State of Missouri.

14. Venue is proper in the Circuit Court of Lincoln County, Missouri, pursuant to RSMo. §508.010.

## FACTS COMMON TO ALL COUNTS

15. That on April 20, 2018, Defendants Beeman, McNail, Gugliano and Livingston had completed an investigation at 2 Pico Court, Moscow Mills, Missouri, which did not involve or include Plaintiffs.

16. That Plaintiff Matthew Cartia, a resident of 2 Pico Court, Moscow Mills, Missouri arrived at 2 Pico Court with his finance Autumn Adams, after said investigation had concluded on April 20, 2018, but while Defendants Beeman, McNail, Gugliano and Livingston where still present.

17. That Plaintiffs Matthew Cartia and Autumn Adams began to record the activities of Defendants Beeman, McNail, Gugliano and Livingston, using their cell phones and made that known to the officers then and there present.

18. That Defendants ordered Plaintiffs to stop recording, and Plaintiffs refused as they were lawfully recording the activities of the officers.

19. That at the time Plaintiffs refused to stop recording, Defendant Beeman, without probable cause that a crime had been or was being committed, and without any reasonable cause whatsoever, placed Plaintiff Matthew Cartia

5

under arrest.

20. That Plaintiff Matthew Cartia did not resist arrest, but despite the fact Plaintiff was not resisting, Defendant Beeman and Defendant Gugliano punched, kicked, pushed and slammed Plaintiff Matthew Cartia to the ground while he was already hand-cuffed, causing him serious injury.

21. That Defendant Beeman and Gugliano, used their weight to cause Matthew Cartia's movements to be restricted despite the fact that he was already handcuffd.

22. That at that time and place, Defendant Beeman and Gugliano chocked Matthew Cartia.

23. That at that time and place, Defendants Beeman, McNail, Gugliano and Livingston yelled threats, and made derogatory and offensive statements to Plaintiffs, causing each Plaintiff to fear for their safety.

24. That while Defendant Beeman and Gugliano were assaulting Matthew Cartia and arresting him without cause, Plaintiff Autumn Adams reached out to assist Matthew Cartia, and at that time and place, either Detective Gugliano or Detective Livingston, grabbed Plaintiff Autumn Adams and used excessive force which caused her serious injury, when their was no reasonble reason to do so.

25. That Defendants Beeman, McNail, Gugliano and Livingston, while placing Matthew Cartia in a patrol car, did so in such a manner as to cause Matthew

6

Cartia's head, neck and other portions of his body, to violently slam into the door, roof and other portions of the patrol car.

26. That after Plaintiffs were taken into custody, Matthew Cartia was taken to the hospital and then to the Lincoln County Jail.

27. That Plaintiff Autumn Adams was taken to the Lincoln County Jail.

28. That Plaintiffs were held in the Lincoln County Jail for two days.

29. That despite the fact that Plaintiffs had committed no crime, Plaintiff Autumn Adams was charged with a Class A Misdemeanor of Resisting or Interfering with and Arrest and Plaintiff Matthew Cartia was Class A Misdemeanor of Resisting Arrest and interfering with a Government Investigation.

30. That Plaintiff Autumn Adams charges were later dismissed by the Lincoln County Prosecuting Attorney's Office.

31. That during his incarceration at the Lincoln County Jail, Plaintiff Matthew Cartia was detained utilizing a restraint chair, when there was no reason or cause to restrain Matthew Cartia in such a manner, and Matthew Cartia was denied access to basic necessities, including the use of the restroom, water and other necessary items for health and hygiene.

32. That during his incarceration at the Lincoln County Jail, Plaintiff Autumn Adams was denied access to basic necessities, including the use of the restroom and items needed for appropriate hygiene and health.

33. That when Plaintiffs and other inmates requested they be provided with basic

7

necessities, those requests were denied, and Defendant Carrol and Defendant Katie Doe responded by yelling, cursing and Plaintiffs, and threatening to cause them physical harm utilizing a baton or taser.

34. That Defendants Carroll and Katie Doe, in response to Plaintiff Matthew Cartia's request for basic health and hygiene, and specifically in response to his request for water and to use the restroom, placed Matthew Cartia in a restraint chair.

## COUNT I
## ASSAULT AND BATTERY
## PURSUANT TO THE LAWS OF THE STATE OF MISSOURI
### Plaintiff Matthew Cartia v. Defendants Beeman and Gugliano

35. That Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation set forth in all of the preceding paragraphs as if fully set forth herein.

36. That Defendants intentionally caused emotional and physical harm to Plaintiff, in that they threatened, harassed and physically assaulted Plaintiff on April 20, 2018 without any just or reasonable cause.

37. That Defendants conduct was outrageous, reckless, done in bad faith and Defendants knew, or should have known, that such conduct would result in serious physical harm to Plaintiff.

38. That as a direct and proximate result of the aforesaid acts, Plaintiff sustained injuries to his arms, legs, neck, back, face and body, and Plaintiff has suffered,

and will suffer in the future, pain and mental anguish as a result thereof; and the use, movement, and function of the aforesaid injured parts continue to be impaired and diminished.

39. That as a further direct and proximate result of the aforesaid acts and the resulting injuries sustained by Plaintiff, Plaintiff has been caused to undergo certain reasonable and necessary hospital and medical care and treatment for which Plaintiff has been caused to incur or become indebted for medical expenses, and that due to the severity of her injuries Plaintiff will be caused to undergo further such care and treatment in the future and to incur or become indebted for further large sums.

40. That as a further direct and proximate result of the aforesaid acts and the resulting injuries sustained by Plaintiff, Plaintiff has been caused to lose time from employment, business opportunities and has incurred additional financial loss in an amount not yet fully ascertainable.

WHEREFORE Plaintiff states that he has been damaged, for which damages he prays this Court enter a judgment against Defendant in such a sum as may be fair and reasonable under the premises and in excess of Twenty Five Thousand Dollars ($25,000.00), together with his costs herein expended and for such other and further relief as this Court may deem just and proper.

## COUNT II
## ASSAULT AND BATTERY
## PURSUANT TO THE LAWS OF THE STATE OF MISSOURI

**Plaintiff Autumn Adams v. Defendants Gugliano and Livingston**

41. That Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation set forth in all of the preceding paragraphs as if fully set forth herein.

42. That Defendants intentionally caused emotional and physical harm to Plaintiff, in that they threatened, harassed and physically assaulted Plaintiff on April 20, 2018 without any just or reasonable cause.

43. That Defendants conduct was outrageous, reckless, done in bad faith and Defendants knew, or should have known, that such conduct would result in serious physical harm to Plaintiff.

44. That as a direct and proximate result of the aforesaid acts, Plaintiff sustained injuries to her arms and body, and Plaintiff has suffered, and will suffer in the future, pain and mental anguish as a result thereof; and the use, movement, and function of the aforesaid injured parts continue to be impaired and diminished.

45. That as a further direct and proximate result of the aforesaid acts and the resulting injuries sustained by Plaintiff, Plaintiff has been caused to undergo certain reasonable and necessary hospital and medical care and treatment for which Plaintiff has been caused to incur or become indebted for medical expenses, and that due to the severity of her injuries Plaintiff will be caused to undergo further such care and treatment in the future and to incur or become indebted for further large sums.

10

46. That as a further direct and proximate result of the aforesaid acts and the resulting injuries sustained by Plaintiff, Plaintiff has been caused to lose time from employment, business opportunities and has incurred additional financial loss in an amount not yet fully ascertainable.

WHEREFORE Plaintiff states that she has been damaged, for which damages he prays this Court enter a judgment against Defendant in such a sum as may be fair and reasonable under the premises and in excess of Twenty Five Thousand Dollars ($25,000.00), together with his costs herein expended and for such other and further relief as this Court may deem just and proper.

### COUNT III
### MALICIOUS PROSECUTION
### PURSUANT TO THE LAWS OF THE STATE OF MISSOURI
### Plaintiff Matthew Cartia v. Defendants Beeman, Gugliano, McNail and Livingston

47. That Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation set forth in all of the preceding paragraphs as if fully set forth herein.

48. That as a result of the arrest herein alleged, Plaintiff was charged and prosecuted in Lincoln County, Missouri as stated herein.

49. That Defendants instigated Plaintiff's prosecution.

50. That, in particular, Defendants executed Incident Reports and probable cause statements, containing false information, which led to Plaintiff's charges and prosecution.

11

51. That Plaintiff was not aggressive or violent toward Defendants and in no way resisted arrest or interfered with the investigation.

52. That Plaintiff never made any attempts to attack, harm, or injure Defendants or any other individual during the arrest.

53. That Defendants allegations in the Incident Reports and Statements of Probable Cause were false, and Defendants knew or should have known at the time of making said statements that the allegations were false.

54. That Defendants executed said statements and otherwise instigated Plaintiff's prosecution wrongfully, maliciously, fraudulently, and without probable cause.

55. That but for Defendants wrongful, malicious, and fraudulent conduct as alleged herein, Plaintiff would not have been charged with any crime.

56. That as a direct and proximate result of Defendants acts and omissions Plaintiff has sustained damages in the form of physical pain and suffering, mental anguish, disgrace, shame, injury to credit, injury to fame and reputation, loss of freedom and general impairment of social standing.

57. That as a direct and proximate result of Defendants' actions as described herein, Plaintiff suffered economic damages in the form of lost income, lost past and future earnings, and attorney's fees incurred in defending himself against criminal prosecution.

WHEREFORE Plaintiff states that he has been damaged, for which damages he prays this Court enter a judgment against Defendant in such a sum as may be fair and

12

reasonable under the premises and in excess of Twenty Five Thousand Dollars ($25,000.00), together with his costs herein expended, for attorney's fees, and for such other and further relief as this Court may deem just and proper.

## COUNT IV
## MALICIOUS PROSECUTION
## PURSUANT TO THE LAWS OF THE STATE OF MISSOURI
### Plaintiff Autumn Adams v. Defendants Beeman, Gugliano, McNail and Livingston

58. That Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation set forth in all of the preceding paragraphs as if fully set forth herein.

59. That as a result of the arrest herein alleged, Plaintiff was charged and prosecuted in Lincoln County, Missouri as stated herein.

60. That Defendants instigated Plaintiff's prosecution.

61. That, in particular, Defendants executed Incident Reports and probable cause statements, containing false information, which led to Plaintiff's charges and prosecution.

62. That Plaintiff was not aggressive or violent toward Defendants and in no way resisted arrest, and in no way interfered with an lawful arrest.

63. That Plaintiff never made any attempts to attack, harm, or injure Defendants or any other individual during the arrest.

64. That Defendants allegations in the Incident Reports and Statements of Probable Cause were false, and Defendants knew or should have known at the time of making said statements that the allegations were false.

65. That Plaintiffs charges were unilaterally dismissed by the Lincoln County Prosecuting Attorney.

66. That Defendants executed said statements and otherwise instigated Plaintiff's prosecution wrongfully, maliciously, fraudulently, and without probable cause.

67. That but for Defendants wrongful, malicious, and fraudulent conduct as alleged herein, Plaintiff would not have been charged with any crime.

68. That as a direct and proximate result of Defendants acts and omissions Plaintiff has sustained damages in the form of physical pain and suffering, mental anguish, disgrace, shame, injury to credit, injury to fame and reputation, loss of freedom and general impairment of social standing.

69. That as a direct and proximate result of Defendants' actions as described herein, Plaintiff suffered economic damages in the form of lost income, lost past and future earnings, and attorney's fees incurred in defending himself against criminal prosecution.

WHEREFORE Plaintiff states that she has been damaged, for which damages she prays this Court enter a judgment against Defendant in such a sum as may be fair and reasonable under the premises and in excess of Twenty Five Thousand Dollars ($25,000.00), together with his costs herein expended, for attorney's fees, and for such

14

other and further relief as this Court may deem just and proper.

## COUNT V
## FALSE ARREST / IMPRISONMENT
## PURSUANT TO THE LAWS OF THE STATE OF MISSOURI
### Plaintiff Matthew Cartia v. Defendants Beeman, Gugliano, McNail, Livingston and Lincoln County

70. That Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation set forth in all of the preceding paragraphs as if fully set forth herein.

71. That Defendants caused the arrest and imprisonment of Plaintiff on April 20, 2018, when they arrested Plaintiff without probable cause and based upon false information, and detained Plaintiff at the Lincoln County Jail.

72. That, in particular, Defendants took Plaintiff into custody and transported Plaintiff, or caused Plaintiff to be transferred, to the Lincoln County Jail.

73. That Defendants had no probable cause to arrest Plaintiff, as Plaintiff was not aggressive or violent toward Defendants and in no way resisted arrest, and committed no other crime on April 20, 2018, and Defendants had no just or reasonable cause to detain Plaintiff in the Lincoln County Jail.

74. That Defendants actions were done in bad faith, wrongfully, maliciously, fraudulently, and without probable cause.

75. That but for Defendants wrongful, malicious, and fraudulent conduct as alleged herein, Plaintiff would not have been arrested or detained at the Lincoln County Jail.

15

76. That as a direct and proximate result of Defendants acts and omissions Plaintiff has sustained damages in the form of physical pain and suffering, mental anguish, disgrace, shame, injury to credit, injury to fame and reputation, loss of freedom and general impairment of social standing.

77. That as a direct and proximate result of Defendants' actions as described herein, Plaintiff suffered economic damages in the form of lost income, lost past and future earnings, and attorney's fees incurred in defending himself against criminal prosecution.

WHEREFORE Plaintiff states that he has been damaged, for which damages he prays this Court enter a judgment against Defendant in such a sum as may be fair and reasonable under the premises and in excess of Twenty Five Thousand Dollars ($25,000.00), together with his costs herein expended, for attorney's fees, and for such other and further relief as this Court may deem just and proper.

## COUNT VI
## FALSE ARREST / IMPRISONMENT
## PURSUANT TO THE LAWS OF THE STATE OF MISSOURI
**Plaintiff Autumn Adams v. Defendants Beeman, Gugliano, McNail, Livingston and Lincoln County**

78. That Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation set forth in all of the preceding paragraphs as if fully set forth herein.

16

79. That Defendants caused the arrest and imprisonment of Plaintiff on April 20, 2018, when they arrested Plaintiff without probable cause and based upon false information, and detained Plaintiff at the Lincoln County Jail.

80. That, in particular, Defendants took Plaintiff into custody and transported Plaintiff, or caused Plaintiff to be transferred, to the Lincoln County Jail.

81. That Defendants had no probable cause to arrest Plaintiff, as Plaintiff was not aggressive or violent toward Defendants and in no way resisted arrest, did not interfere with an arrest, and committed no other crime on April 20, 2018, and Defendants had no just or reasonable cause to detain Plaintiff in the Lincoln County Jail.

82. That Defendants actions were done in bad faith, wrongfully, maliciously, fraudulently, and without probable cause.

83. That but for Defendants wrongful, malicious, and fraudulent conduct as alleged herein, Plaintiff would not have been arrested or detained at the Lincoln County Jail.

84. That as a direct and proximate result of Defendants acts and omissions Plaintiff has sustained damages in the form of physical pain and suffering, mental anguish, disgrace, shame, injury to credit, injury to fame and reputation, loss of freedom and general impairment of social standing.

85. That as a direct and proximate result of Defendants' actions as described herein, Plaintiff suffered economic damages in the form of lost income, lost

17

past and future earnings, and attorney's fees incurred in defending himself against criminal prosecution.

WHEREFORE Plaintiff states that he has been damaged, for which damages he prays this Court enter a judgment against Defendant in such a sum as may be fair and reasonable under the premises and in excess of Twenty Five Thousand Dollars ($25,000.00), together with his costs herein expended, for attorney's fees, and for such other and further relief as this Court may deem just and proper.

**COUNT VII**
**UNREASONABLE SEIZURE, UNLAWFUL ARREST AND USE OF EXCESSIVE FORCE IN VIOLATION OF THE FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, COGNIZABLE UNDER 42 U.S.C. § 1983**

**Plaintiff Matthew Cartia v. Defendants Beeman, Gugliano, McNail, Livingston and Lincoln County**

86. The allegations contained in all previous Paragraphs are hereby realleged and incorporated as if fully set forth herein.

87. On and after April 20, 2018, Defendants, with deliberate indifference to and reckless disregard for the constitutional rights of Plaintiff, deprived Plaintiff of rights protected by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

88. Plaintiff was arrested and detained on the unfounded charges as detailed herein despite the fact that it was clear that no probable cause or any other basis for the charge existed.

89. During the arrest, Defendants used excessive force, and force that was objectively unreasonable given the circumstances, as Plaintiff posed no physical threat to Defendants whatsoever.

90. Defendants each had the opportunity to intervene, to protect Plaintiff form harm, and to stop the unlawful conduct of each other, but failed to do so.

91. By their pattern of conduct and their misuse of authority over Plaintiff, Defendants intentionally subjected Plaintiff to an unreasonable seizure of his person and false and unlawful arrest and imprisonment and thereby deprived Plaintiff of life, liberty, or property without due process of law.

92. By their above described intentional actions, Defendants deprived Plaintiff of his rights to be secure in her person, house, papers, and effects against unreasonable seizures and to be free from arrest, except upon probable cause supported by oath or affirmation, as guaranteed under the Fourth Amendment to the United States Constitution, and her right not to be deprived of life, liberty, or property without due process of law, as guaranteed under the Fifth and Fourteenth Amendments to the United States Constitution.

93. Defendants subjected Plaintiff to the aforementioned deprivations of rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by their actions.

94. At the time of the events alleged in this Petition, Defendants either knew or reasonably should have known that their actions violated clearly established constitutional rights of Plaintiff and/or clearly established statutes.

95. Defendants acted under color of law prescribed to them in arresting and detaining Plaintiff.

96. As a direct and proximate result of the actions of Defendants, Plaintiff suffered distress, discomfort, and loss of liberty; and has suffered, and will continue to suffer, mental anguish, humiliation, and embarrassment from the indignity and disgrace of being unlawfully and wrongfully arrested, taken into custody, and otherwise grossly mistreated.

97. As shown by the foregoing, Defendants' conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendants or to deter them and other from like conduct in the future.

98. Plaintiff is entitled to reasonable attorneys' fees as provided by 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest as

allowed by law; and for such other and further relief deemed just and proper under the circumstances.

## COUNT VIII
### UNREASONABLE SEIZURE, UNLAWFUL ARREST AND USE OF EXCESSIVE FORCE IN VIOLATION OF THE FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, COGNIZABLE UNDER 42 U.S.C. § 1983

**Plaintiff Autumn Adams v. Defendants Beeman, Gugliano, McNail, Livingston and Lincoln County**

99. The allegations contained in all previous Paragraphs are hereby realleged and incorporated as if fully set forth herein.

100. On and after April 20, 2018, Defendants, with deliberate indifference to and reckless disregard for the constitutional rights of Plaintiff, deprived Plaintiff of rights protected by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

101. Plaintiff was arrested and detained on the unfounded charges as detailed herein despite the fact that it was clear that no probable cause or any other basis for the charge existed.

102. During the arrest, Defendants used excessive force, and force that was objectively unreasonable given the circumstances as Plaintiff posed no physical threat to Defendants whatsoever.

103. Defendants each had the opportunity to intervene, to protect Plaintiff form harm, and to stop the unlawful conduct of each other, but failed to do so.

21

104.    By their pattern of conduct and their misuse of authority over Plaintiff,

Defendants intentionally subjected Plaintiff to an unreasonable seizure of her

person and false and unlawful arrest and imprisonment and thereby deprived

Plaintiff of life, liberty, or property without due process of law.

105.    By their above described intentional actions, Defendants deprived Plaintiff

of her rights to be secure in her person, house, papers, and effects against

unreasonable seizures and to be free from arrest, except upon probable cause

supported by oath or affirmation, as guaranteed under the Fourth Amendment

to the United States Constitution, and her right not to be deprived of life,

liberty, or property without due process of law, as guaranteed under the Fifth

and Fourteenth Amendments to the United States Constitution.

106.    Defendants subjected Plaintiff to the aforementioned deprivations of rights

either maliciously or by acting with a reckless disregard for whether Plaintiff's

rights would be violated by their actions.

107.    At the time of the events alleged in this Petition, Defendants either knew or

reasonably should have known that their actions violated clearly established

constitutional rights of Plaintiff and/or clearly established statutes.

108.    Defendants acted under color of law prescribed to them in arresting and

detaining Plaintiff.

109.    As a direct and proximate result of the actions of Defendants, Plaintiff

suffered distress, discomfort, and loss of liberty; and has suffered, and will

continue to suffer, mental anguish, humiliation, and embarrassment from the indignity and disgrace of being unlawfully and wrongfully arrested, taken into custody, and otherwise grossly mistreated.

110.    As shown by the foregoing, Defendants' conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendants or to deter them and other from like conduct in the future.

111.    Plaintiff is entitled to reasonable attorneys' fees as provided by 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

## COUNT IX
## MALICIOUS PROSECUTION IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, COGNIZABLE UNDER 42 U.S.C. §1983

**Plaintiff Autumn Adams v. Defendants Beeman, Gugliano, McNail, Livingston and Lincoln County**

23

112.   The allegations contained within all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

113.   Defendants, acting together, caused, instigated, and continued a judicial criminal proceeding against Plaintiff.

114.   The criminal proceeding terminated in favor of Plaintiff, as the charges against Plaintiff were ultimately dismissed.

115.   Defendants had no probable cause to prosecute Plaintiff for said crime.

116.   Defendants acted maliciously and without reasonable grounds.

117.   Plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of the criminal proceeding.

118.   As a direct and proximate result of the malicious prosecution of Plaintiff, Plaintiff suffered distress, discomfort, and loss of liberty; and has suffered, and will continue to suffer, mental anguish, humiliation, and embarrassment from the indignity and disgrace of being maliciously prosecuted and otherwise grossly mistreated.

119.   As shown by the foregoing, Defendants' conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendants or to deter them and other from like conduct in the future.

24

120.    Plaintiff is entitled to reasonable attorneys' fees as provided by 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

## COUNT X
## MALICIOUS PROSECUTION IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, COGNIZABLE UNDER 42 U.S.C. §1983

### Plaintiff Matthew Cartia v. Defendants Beeman, Gugliano, McNail, Livingston and Lincoln County

121.    The allegations contained within all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

122.    Defendants, acting together, caused, instigated, and continued a judicial criminal proceeding against Plaintiff.

123.    Defendants had no probable cause to prosecute Plaintiff for said crime.

124.    Defendants acted maliciously and without reasonable grounds.

125.    Plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of the criminal proceeding.

25

126.   As a direct and proximate result of the malicious prosecution of Plaintiff, Plaintiff suffered distress, discomfort, and loss of liberty; and has suffered, and will continue to suffer, mental anguish, humiliation, and embarrassment from the indignity and disgrace of being maliciously prosecuted and otherwise grossly mistreated.

127.   As shown by the foregoing, Defendants' conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendants or to deter them and other from like conduct in the future.

128.   Plaintiff is entitled to reasonable attorneys' fees as provided by 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

## COUNT XII
## NEGLIGENCE – DERELICITION OF MINISTERIAL DUTIES PURSUANT TO THE LAWS OF THE STATE OF MISSOURI

**Plaintiff Matthew Cartia v. Defendants Beeman, Gugliano, McNail, and Livingston**

26

129. Plaintiff re-alleges and incorporates by reference herein all of the allegations contained in the above paragraphs.

130. That Defendants were at all times herein referred an officer employed by Defendant Lincoln County.

131. That all times herein mentioned Defendants were acting in the course and scope of their employment with the Lincoln County Sheriff's Department, and were subject to the counties approved and promulgated policies and procedures.

132. That Lincoln County's policies and procedures for the Sheriff's Department require and mandate that officers and detectives not use excessive force and not perpetrate arrests without probable cause.

133. That Lincoln County's policies and procedures for the Sheriff's Department require and mandate that officers and detectives intervene and prevent unlawful and the use of excessive force.

134. That Lincoln County's policies and procedures for the Sheriff's Department require and mandate that officers and detectives only file incident reports and statements of probable cause which are factually accurate.

135. The aforesaid policies and procedures require no discretion, and are mandatory.

136. That Defendants were negligent and derelict in their ministerial duties in the following respects, to wit:

   a. That Defendants arrested Matthew Cartia with probable cause.

   b. That Defendants, as aforesaid, used excessive force when arresting Matthew Cartia.

27

c. That Defendants filed incident reports and probable cause statements which contained false and inaccurate information.

137. That as a result of Defendants' negligence as aforesaid, Plaintiff suffered damages, including the need to seek medical care and to become indebted for medical expenses in a sum not yet determined, and Plaintiff will be required to seek additional and future medical care, and become indebted for further such large sums as a result of Defendants conduct as Plaintiff's medical condition is both progressive and permanent in nature.

138. That as a direct result of Defendants' negligence as aforesaid, Plaintiff suffered, and will continue to suffer in the future, pain, discomfort, distress, mental anguish, disfigurement, and loss of a normal life.

139. That as a direct and proximate result of the aforesaid actions, omissions, customs, practices, policies, and decisions of the aforementioned Defendants, Plaintiff is disabled and in the future will lose wages and income in an amount yet to be ascertained.

WHEREFORE, Plaintiff states that she has been damaged for which damage they pray judgment against Defendants in such sum as may be fair and reasonable in the premises, but in excess of Twenty-Five Thousand Dollars ($25,000.00), plus costs herein and for such other and further relief as this Court deems just and proper.

## COUNT XIII
## NEGLIGENCE – DERELICITION OF MINISTERIAL DUTIES
## PURSUANT TO THE LAWS OF THE STATE OF MISSOURI

**Plaintiff Autumn Adams v. Defendants Beeman, Gugliano, McNail, and Livingston**

28

140.   Plaintiff re-alleges and incorporates by reference herein all of the allegations contained in the above paragraphs.

141.   That Defendants were at all times herein referred an officer employed by Defendant Lincoln County.

142.   That all times herein mentioned Defendants were acting in the course and scope of their employment with the Lincoln County Sheriff's Department, and were subject to the counties approved and promulgated policies and procedures.

143.   That Lincoln County's policies and procedures for the Sheriff's Department require and mandate that officers and detectives not use excessive force and not perpetrate arrests without probable cause.

144.   That Lincoln County's policies and procedures for the Sheriff's Department require and mandate that officers and detectives intervene and prevent unlawful and the use of excessive force.

145.   That Lincoln County's policies and procedures for the Sheriff's Department require and mandate that officers and detectives only file incident reports and statements of probable cause which are factually accurate.

146.   That Defendants were negligent and derelict in their ministerial duties in the following respects, to wit:

d.   That Defendants arrested Autumn Adams with probable cause.

e.   That Defendants, as aforesaid, used excessive force when arresting Autumn Adams.

29

f. That Defendants filed incident reports and probable cause statements which contained false and inaccurate information.

147. That as a result of Defendants' negligence as aforesaid, Plaintiff suffered damages, including the need to seek medical care and to become indebted for medical expenses in a sum not yet determined, and Plaintiff will be required to seek additional and future medical care, and become indebted for further such large sums as a result of Defendants conduct as Plaintiff's medical condition is both progressive and permanent in nature.

148. That as a direct result of Defendants' negligence as aforesaid, Plaintiff suffered, and will continue to suffer in the future, pain, discomfort, distress, mental anguish, disfigurement, and loss of a normal life.

149. That as a direct and proximate result of the aforesaid actions, omissions, customs, practices, policies, and decisions of the aforementioned Defendants, Plaintiff is disabled and in the future will lose wages and income in an amount yet to be ascertained.

WHEREFORE, Plaintiff states that she has been damaged for which damage they pray judgment against Defendants in such sum as may be fair and reasonable in the premises, but in excess of Twenty-Five Thousand Dollars ($25,000.00), plus costs herein and for such other and further relief as this Court deems just and proper.

## COUNT XIV
## CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE FOURTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, COGNIZABLE UNDER 42 U.S.C. § 1983

30

**Plaintiff Matthew Cartia v. Defendants Carroll, Katie Brooks and Lincoln County**

150.   The Plaintiff re-alleges and incorporates by reference herein all of the allegations contained in the above paragraphs.

151.   That on April 20 -21, 2018, Plaintiff was a pre-trial detainee.

152.   That Defendants acting together, and in concert with one another, unlawfully restrained Plaintiff, and denied Plaintiff basic hygiene and health, including use of the restroom.

153.   That when Plaintiff requested to use the restroom, he was threatened, mocked, threatened with physical harm, and ultimately placed in a restraint chair for an unnecessary and extended period of time.

154.   That the actions of Defendants, constitutes cruel and unusual punishment and violates the Eight Amendment to the Constitution of the Unites States.

155.   That Plaintiff was in Defendants' custody, and their refusal to provide Plaintiff appropriate care was objectively unreasonable conduct and was deliberately indifferent to the constitutional right of Plaintiff.

156.   That as a result of Defendants' objectively unreasonable conduct and deliberate indifference to Plaintiff's constitutionally protected rights, Plaintiff Constitutional rights were violated, and Plaintiff suffered mental anguish, pain and suffering and loss of freedom.

157.   That the misconduct described herein was undertaken with malice, willfulness, and reckless indifference to Plaintiff's health and safety and

31

Plaintiff's constitutionally protected rights.

158.   That the misconduct described herein was undertaken pursuant to the

unconstitutional custom and practices of Lincoln County, Missouri, by and

through its Sheriff's Department and the Lincoln County Jail, and Sheriff John

Cottle.

159.   That ff Plaintiff prevails, he is entitled to an award of attorney's fees

pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays judgment against Defendants, jointly and severally,

for compensatory damages and for attorney's fees and costs of this litigation, and for

other relief as is appropriate under the law.

## COUNT XV
## CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE FOURTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, COGNIZABLE UNDER 42 U.S.C. § 1983

### Plaintiff Autumn Adams v. Defendants Carroll, Katie Brooks and Lincoln County

160.   The Plaintiff re-alleges and incorporates by reference herein all of the

allegations contained in the above paragraphs.

161.   That on April 20 -21, 2018, Plaintiff was a pre-trial detainee.

162.   That Defendants acting together, and in concert with one another, denied

Plaintiff basic hygiene and health, including use of the restroom.

163.   That when Plaintiff requested to use the restroom, she was threatened,

mocked, and was threatened with physical harm.

32

164. That the actions of Defendants, constitutes cruel and unusual punishment and violates the Eight Amendment to the Constitution of the Unites States.

165. That Plaintiff was in Defendants' custody, and their refusal to provide Plaintiff appropriate care was objectively unreasonable conduct and was deliberately indifferent to the constitutional right of Plaintiff.

166. That as a result of Defendants' objectively unreasonable conduct and deliberate indifference to Plaintiff's constitutionally protected rights, Plaintiff Constitutional rights were violated, and Plaintiff suffered mental anguish, pain and suffering.

167. That the misconduct described herein was undertaken with malice, willfulness, and reckless indifference to Plaintiff's health and safety and Plaintiff's constitutionally protected rights.

168. That the misconduct described herein was undertaken pursuant to the unconstitutional custom and practices of Lincoln County, Missouri, by and through its Sheriff's Department and the Lincoln County Jail, and Sheriff John Cottle.

169. That ff Plaintiff prevails, he is entitled to an award of attorney's fees pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays judgment against Defendants, jointly and severally, for compensatory damages and for attorney's fees and costs of this litigation, and for other relief as is appropriate under the law.

## COUNT XVI
## NEGLIGENCE – DERELICITION OF MINISTERIAL DUTIES PURSUANT TO THE LAWS OF THE STATE OF MISSOURI

### Plaintiff Matthew Cartia v. Defendants Carrol and Brooks

170.   Plaintiff re-alleges and incorporates by reference herein all of the allegations contained in the above paragraphs.

171.   That Defendants were at all times herein referred an officer employed by Defendant Lincoln County.

172.   That all times herein mentioned Defendants were acting in the course and scope of their employment with the Lincoln County Sheriff's Department, and were subject to the counties approved and promulgated policies and procedures.

173.   That Lincoln County's policies and procedures for the Sheriff's Department require and mandate that correctional officers provide basic necessities of health and hygiene to inmates, including access to the restroom and mandated that restraint chairs only be used when absolutely necessary, and not as punishment.

174.   That Defendants were negligent and derelict in their ministerial duties in the following respects, to wit:

g.   That Defendants denied basic necessities of hygiene and health to Plaintiff.

h.   That Defendants failed to allow Plaintiff to use the restroom.

i.   That Defendants failed to allow Plaintiff access to water.

j.   That Defendants restrained Plaintiff in a restraint chair when there was no reasonable cause to do so.

175.   That as a direct result of Defendants' negligence as aforesaid, Plaintiff suffered,

34

and will continue to suffer in the future, pain, discomfort, distress, and mental anguish.

WHEREFORE, Plaintiff states that she has been damaged for which damage they pray judgment against Defendants in such sum as may be fair and reasonable in the premises, but in excess of Twenty-Five Thousand Dollars ($25,000.00), plus costs herein and for such other and further relief as this Court deems just and proper.

**COUNT XVII**
**NEGLIGENCE – DERELICITION OF MINISTERIAL DUTIES**
**PURSUANT TO THE LAWS OF THE STATE OF MISSOURI**

**Plaintiff Autumn Adams v. Defendants Carrol and Brooks**

176. Plaintiff re-alleges and incorporates by reference herein all of the allegations contained in the above paragraphs.

177. That Defendants were at all times herein referred an officer employed by Defendant Lincoln County.

178. That all times herein mentioned Defendants were acting in the course and scope of their employment with the Lincoln County Sheriff's Department, and were subject to the counties approved and promulgated policies and procedures.

179. That Lincoln County's policies and procedures for the Sheriff's Department require and mandate that correctional officers provide basic necessities of health and hygiene to inmates, including access to the restroom and hygiene products.

180. That Defendants were negligent and derelict in their ministerial duties in the following respects, to wit:

35

k.  That Defendants denied basic necessities of hygiene and health to Plaintiff.

l.  That Defendants failed to allow Plaintiff to use the restroom.

m.  That Defendants failed to allow Plaintiff access to water.

181.  That as a direct result of Defendants' negligence as aforesaid, Plaintiff suffered, and will continue to suffer in the future, pain, discomfort, distress, and mental anguish.

WHEREFORE, Plaintiff states that she has been damaged for which damage they pray judgment against Defendants in such sum as may be fair and reasonable in the premises, but in excess of Twenty-Five Thousand Dollars ($25,000.00), plus costs herein and for such other and further relief as this Court deems just and proper.

## COUNT XVIII
## ASSAULT AND BATTERY
## PURSUANT TO THE LAWS OF THE STATE OF MISSOURI
### Plaintiff Matthew Cartia v. Defendants Carrol and Brooks

182.  That Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation set forth in all of the preceding paragraphs as if fully set forth herein.

183.  That Defendants intentionally caused emotional and physical harm to Plaintiff, in that they threatened, harassed and physically assaulted Plaintiff on April 20, 2018 when they placed him in a restraint chair without any just or reasonable cause.

184.  That Defendants conduct was outrageous, reckless, done in bad faith and Defendants knew, or should have known, that such conduct would result in

36

serious physical harm to Plaintiff.

185.    That as a direct result of Defendants' negligence as aforesaid, Plaintiff suffered, and will continue to suffer in the future, pain, discomfort, distress, and mental anguish.

WHEREFORE Plaintiff states that he has been damaged, for which damages he prays this Court enter a judgment against Defendant in such a sum as may be fair and reasonable under the premises and in excess of Twenty Five Thousand Dollars ($25,000.00), together with his costs herein expended and for such other and further relief as this Court may deem just and proper.

### COUNT XIX
### VIOLATIONS OF THE FOURTH, EIGHT AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, COGNIZABLE UNDER 42 U.S.C. §1983 – POLICIES, PROCEDURES, CUSTOMS AND PRACTICES

#### Plaintiffs v. Defendants Lincoln County and John Cottle

186.    That Plaintiffs re-allege and incorporate by reference herein all of the allegations contained in the above paragraphs.

187.    That Defendants policies, procedures and customs and practices allowed the Lincoln County Sheriff's Department and its officers to arrest, detain and imprison individuals without any probable cause that they committed a crime, and to arrest individuals while using excessive force.

188.    That Defendants allowed officers, including Defendant Beeman, to work and be hired, when they knew that said officers had a habit and custom of using excessive force.

37

189.    That the actions of Defendants constitute violations of Plaintiffs' constitutional

rights, and violate the Fourth Amendment, Eight Amendment and Fourteenth

Amendment to the Constitution of the Unites States of America.

190.    That Defendants policies, procedures and customs and practices allowed the

Lincoln County Sheriff's Department, by and through the Lincoln County Jail, to

restrain inmates and pre-trial detainees in a restraint chair unlawfully, and to deny

inmates and pre-trial detainees items required for basic hygiene including access to

the restroom, water, feminine hygiene products, etc.

191.    That Defendants refusal and failure to have adequate policies, procedures customs

and practice, were deliberately indifferent to the Constitutional Rights of Plaintiffs.

192.    Defendants consequently breached their duty to properly train their officers and

correctional officers and staff, take steps to enforce such procedures to ensure

protection of constitutional rights, and correct the violations of which it had actual or

constructive notice.

193.    As a result of Defendants' objectively unreasonable conduct and deliberate

indifference to Plaintiffs' Constitutional Rights, Plaintiffs suffered damages,

including the need to seek medical care, and to become indebted for medical expenses

in a sum not yet determined, and Plaintiffs will be required to seek additional and

future medical care, and become indebted for further such large sums as a result of

Defendants conduct as Plaintiffs, medical condition is both progressive and

permanent in nature.

194.    As a result of Defendants' objectively unreasonable conduct and deliberate

indifference, Plaintiffs suffered, and will continue to suffer in the future, pain, discomfort, distress, mental anguish, disfigurement, and loss of a normal life.

195.    That the misconduct described herein was undertaken with malice, willfulness, and reckless indifference to Plaintiffs' health and safety and to their Constitutionally protected rights.

196.    If Plaintiffs prevail, they are entitled to an award of attorney's fees pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays judgment against Defendants, jointly and severally, for compensatory damages and for attorney's fees and costs of this litigation, and for other relief as is appropriate under the law.

Respectfully Submitted,

A.G. LARAMORE LLC

/s/ Anthony G. Laramore
Anthony G. Laramore #63017
10024 Office Center Avenue, Suite 202
St. Louis, MO 63128
Phone: (314) 241-0999
Fax: (314) 297-0939
agl@laramorelaw.com

*ATTORNEY FOR PLAINTIFFS*

39

Electronically Filed - LINCOLN COUNTY - April 20, 2020 - 12:17 PM

IN THE CIRCUIT COURT OF LINCOLN COUNTY
STATE OF MISSOURI

MATTHEW CARTIA, et al.,          )
                                 )
        Plaintiffs,              )        Cause No. 20L6-CC00046
                                 )
vs.                              )
                                 )
BRADLEY BEEMAN, et al.,          )
                                 )
        Defendants.              )

## MEMORANDUM TO CLERK

COMES NOW Plaintiffs, by and through counsel, and pay the remaining balance due of $3.50 for filing fee.

Respectfully Submitted,

A.G. LARAMORE LLC

 /s/ Anthony G. Laramore
Anthony G. Laramore #63017
10024 Office Center Avenue
Suite 202
St. Louis, MO 63128
Phone: (314) 241-0999
Fax: (314) 297-0939
agl@laramorelaw.com

Electronically Filed - LINCOLN COUNTY - March 02, 2021 - 11:34 AM

IN THE CIRCUIT COURT OF LINCOLN COUNTY
STATE OF MISSOURI

MATTHEW CARTIA, et al.,            )
                                   )
        Plaintiffs,                )        Cause No. 20L6-CC00046
                                   )
vs.                                )
                                   )
BRADLEY BEEMAN, et al.,            )
                                   )
        Defendants.                )

## REQUEST FOR APPOINTMENT OF SPECIAL PROCESS SERVER

COMES NOW Plaintiff, by and through their undersigned counsel, and summons were never issued, and ask that summons be issued at this time and hereby request that special process server Scott Biondo, and the Scott Biondo Detective Agency, 404 Jungerman Rd. St. Peters, Missouri 63376, (314)956-1160, be granted leave to serve the following Defendants:

**Bradley Beeman**
**65 Business Park Drive**
**Troy, MO 63379**

**Mason McNail**
**65 Business Park Drive**
**Troy, MO 63379**

**Kevin Gugliano**
**65 Business Park Drive**
**Troy, MO 63379**

**Timothy Livingston**
**65 Business Park Drive**
**Troy, MO 63379**

**Rebecca A. Carroll**
**65 Business Park Drive**
**Troy, MO 63379**

**Katie Brooks**
**65 Business Park Drive**
**Troy, MO 63379**

John Cottel
65 Business Park Drive
Troy, MO 63379

Lincoln County Missouri and the
Lincoln County Sheriff's Department and the
Lincoln County Jail
65 Business Park Drive
Troy, MO 63379

WHEREFORE, Plaintiff prays that this Court grant leave to Plaintiff's counsel to utilize

special process server Scott Biondo, and the Scott Biondo Detective Agency, 404 Jungerman Rd.

St. Peters, Missouri 63376, (314) 956-1160, to serve the above listed Defendants in this matter.

Respectfully Submitted,


A.G. LARAMORE LLC

By: /s/ Anthony G. Laramore
    Anthony G. Laramore #63017
    10024 Office Center Avenue, Suite 202
    St. Louis, MO 63128
    Phone: (314) 241-0999
    Fax: (314) 297-0939
    agl@laramorelaw.com
    ___ATTORNEY FOR PLAINTIFF

SO ORDERED,


_____

IN THE CIRCUIT COURT OF LINCOLN COUNTY
STATE OF MISSOURI

MATTHEW CARTIA, et al.,                    )
                                           )
          Plaintiffs,                      )     Cause No. 20L6-CC00046
                                           )
vs.                                        )
                                           )
BRADLEY BEEMAN, et al.,                    )
                                           )
          Defendants.                      )

## REQUEST FOR APPOINTMENT OF SPECIAL PROCESS SERVER

COMES NOW Plaintiff, by and through their undersigned counsel, and summons were never issued, and ask that summons be issued at this time and hereby request that special process server Scott Biondo, and the Scott Biondo Detective Agency, 404 Jungerman Rd. St. Peters, Missouri 63376, (314)956-1160, be granted leave to serve the following Defendants:

Bradley Beeman
65 Business Park Drive
Troy, MO 63379

Mason McNail
65 Business Park Drive
Troy, MO 63379

Kevin Gugliano
65 Business Park Drive
Troy, MO 63379

Timothy Livingston
65 Business Park Drive
Troy, MO 63379

Rebecca A. Carroll
65 Business Park Drive
Troy, MO 63379

Katie Brooks
65 Business Park Drive
Troy, MO 63379

John Cottel
65 Business Park Drive
Troy, MO 63379

Lincoln County Missouri and the
Lincoln County Sheriff's Department and the
Lincoln County Jail
65 Business Park Drive
Troy, MO 63379

WHEREFORE, Plaintiff prays that this Court grant leave to Plaintiff's counsel to utilize

special process server Scott Biondo, and the Scott Biondo Detective Agency, 404 Jungerman Rd.

St. Peters, Missouri 63376, (314) 956-1160, to serve the above listed Defendants in this matter.

Respectfully Submitted,


A.G. LARAMORE LLC

By: /s/ Anthony G. Laramore
      Anthony G. Laramore #63017
      10024 Office Center Avenue, Suite 202
      St. Louis, MO 63128
      Phone: (314) 241-0999
      Fax: (314) 297-0939
      agl@laramorelaw.com
      ___ATTORNEY FOR PLAINTIFF

SO ORDERED,

**3/5/2021**

Electronically Filed - LINCOLN COUNTY - March 10, 2021 - 02:31 PM

IN THE CIRCUIT COURT OF THE COUNTY OF LINCOLN
STATE OF MISSOURI

| | |
|---|---|
| MATTHEW CARTIA, | ) |
| | ) |
| and | ) |
| | ) |
| AUTUMN ADAMS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   Cause No.:   20L6-CC00046 |
| | ) |
| BRADLEY BEEMAN, MASON MCNAIL, | ) |
| KEVIN GUGLIANO, TIMOTHY | ) |
| LIVINGSTON, REBECCA A. CARROLL, | ) |
| KATIE BROOKS, JOHN COTTLE, | ) |
| LINCOLN COUNTY, MISSOURI, | ) |
| LINCOLN COUNTY SHERIFF'S | ) |
| DEPARTMENT and LINCOLN COUNTY | ) |
| JAIL, | ) |
| | ) |
| Defendants. | ) |

**ENTRY OF APPEARANCE FOR DEFENDANTS BRADLEY BEEMAN, MASON MCNAIL, KEVIN GUGLIANO, TIMOTHY LIVINGSTON, REBECCA A. CARROLL, KATIE BROOKS, JOHN COTTLE, LINCOLN COUNTY, MISSOURI, LINCOLN COUNTY SHERIFF'S DEPARTMENT AND LINCOLN COUNTY JAIL AND ACCEPTANCE OF SERVICE OF THE SUMMONS AND PETITION FOR DAMAGES UPON EACH DEFENDANT**

D. Keith Henson and the law firm of Paule, Camazine & Blumenthal, P.C. hereby enter their appearance as counsel of record for Defendants Bradley Beeman, Mason McNail, Kevin Gugliano, Timothy Livingston, Rebecca A. Carroll, Katie Brooks, John Cottle, Lincoln County, Missouri, Lincoln County Sheriff's Department, and Lincoln County Jail  ("Defendants") and accept service of the Summons and Petition for Damages upon each of the Defendants on Wednesday, March 10, 2021.

Respectfully submitted,

PAULE, CAMAZINE & BLUMENTHAL, P.C.
*A Professional Corporation*


By:/s/ D. Keith Henson
    D. Keith Henson, #31988
    165 North Meramec Ave., Suite 110
    Clayton (St. Louis), MO  63105
    Telephone:  (314) 727-2266
    Facsimile:  (314) 727-2101
    khenson@pcblawfirm.com
    Attorney for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the attorney whose name appears above signed the original of this pleading and that true and correct copy of the foregoing was filed with the Clerk of the Court to be served by the operation of the Court's electronic filing system and that true and correct copy of the foregoing was sent via First Class U.S. Mail and E-Mail this 10th day of March, 2021 to:

Anthony G. Laramore, #63017
A.G. Laramore, LLC
10024 Office Center Avenue, Suite 202
St. Louis, MO 63128
(314) 241-0999
agl@laramorelaw.com
Attorneys for Plaintiffs Matthew Cartia and Autumn Adams


/s/ D. Keith Henson